IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PATRICIA SUZANNE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-746-STE |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of the Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

---

[1] On June 17, 2019, Andrew M. Saul was sworn in as the Commissioner of Social Security and he is substituted as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

## I. PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 15-25). The Appeals Council denied Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff did not engage in substantial gainful activity between her alleged onset date of June 4, 2015 through December 31, 2016, her date last insured. (TR. 17). At step two, the ALJ determined that Ms. Johnson had the following severe impairments: arthralgias; chronic obstructive pulmonary disease; hypertension; obesity; and Major Depressive Disorder. (TR. 17). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 18).

At step four, the ALJ concluded that during the relevant period, Ms. Johnson retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except no more than occasional exposure to extreme temperatures, environmental, and respiratory irritants and humidity; no more than simple, routine, repetitive tasks.

(TR. 19-20). At the administrative hearing, a vocational expert (VE) testified that Ms. Johnson had performed past relevant work as a "ticket seller," which was classified in the Dictionary of Occupational Titles (DOT) under code # 211.462-030. (TR. 54-55). The VE also stated that this job was performed at the "light" exertional level, with a specific vocational preparation level (SVP) of 2, and was considered "unskilled" work. (TR. 54-55). The ALJ then asked the VE whether Plaintiff could perform this past relevant work, given the limitations in the RFC. (TR. 55). The VE replied affirmatively. (TR. 55). The ALJ then adopted the VE's testimony and concluded that Ms. Johnson was not disabled at step four. (TR. 24).

### III. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence … is more than a mere scintilla … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh

3

the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV. ISSUES PRESENTED

Ms. Johnson alleges that the ALJ: (1) erred at phases two and three of the step-four analysis and (2) failed to resolve an apparent conflict between the VE's testimony and the DOT. (ECF No. 21:7-12).

## V. ERROR AT PHASES TWO AND THREE OF STEP FOUR

As alleged by Ms. Johnson, the ALJ erred at phases two and three of step four.

### A. The ALJ's Duties at Steps Four

At step four of the disability determination, the ALJ must complete three phases:

> In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC), ... and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work.... In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one.... At each of these phases, the ALJ must make specific findings.

*Bowman v. Astrue,* 511 F.3d 1270, 1272 (10th Cir. 2008) (citation omitted). Findings at each phase of step four must be supported by substantial evidence. *See Watkins v. Barnhart,* 350 F.3d 1297, 1299 (10th Cir. 2003).

### B. The ALJ's Findings at Step Four

At phase one of step four, the ALJ concluded that Plaintiff had retained the physical RFC to perform "light" work and the mental RFC to perform "no more than simple, routine, repetitive tasks." (TR. 19-20). At phase two, the ALJ found that Ms. Johnson's past relevant work was performed at the "light" exertional level and that it was classified as

4

"unskilled, SVP 2." (TR. 24). At phase three, the ALJ stated: "In comparing the claimant's residual functional capacity with the physical and mental demands of this work [ticket seller], I find that the claimant was able to perform it as generally performed in a box office inside a theater." (TR. 24).

### C. Error at Phases Two and Three

Ms. Johnson alleges that the ALJ erred at phases two and three of step four by: (1) failing to make findings regarding the mental demands of her past relevant work as a ticket seller and (2) thereafter comparing those demands to the mental limitations in the RFC to determine whether Plaintiff was qualified to perform the past relevant work. (ECF No. 21:9-12). *See* ECF No. 21:12 ("the ALJ failed to make any findings regarding the mental demands of a ticket seller position as it was generally performed, or any independent comparison of those demands against Ms. Johnson's restriction to simple, routine, repetitive tasks[.]").

In response, Mr. Saul argues that the ALJ satisfied phase two because: (1) Plaintiff's work history report provided evidence regarding the exertional and non-exertional requirements of her past relevant work and (2) the ALJ adopted the VE's testimony that Plaintiff's past relevant work was classified as "unskilled," with an SVP of 2. (ECF No. 27:10-11). The Court rejects the Commissioner's arguments.

First, record evidence regarding the mental demands of Plaintiff's past work does not act as a substitute for the ALJ's duty to make specific factual findings regarding those demands, pursuant to the dictates outlined in *Bowman*. *See supra*. The ALJ did not rely on Plaintiff's work history report in determining the mental demands of Plaintiff's past

5

relevant work and to do so now would involve an improper *post hoc* rationalization. *See Haga v. Astrue,* 482 F.3d 1205, 1207 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself."); *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (the Court should not "substitute [its] judgment for that of the Commissioner.").

Second, the ALJ's findings that Plaintiff's past work was considered "unskilled," with an SVP of 2, does not adequately account for the mental demands required by that job. *See Chapo v. Astrue*, 682 F.3d 1285, 1290 n.3 (10th Cir. 2012) (finding that a limitation to unskilled work accounted for "issues of skills transfer, not impairment of mental functions—which are not skills but, rather, general prerequisites for most work at any skill level"); *Cooper v. Barnhart*, 2004 WL 2381515, *4 (N.D. Okla. Oct. 15, 2004) (finding that a limitation to simple tasks appears more squarely addressed by a job's reasoning level, than to its SVP level, which focuses on vocational preparedness necessary to perform the job); SSR 85-15, 1985 WL 56867, at *6 ("Because response to the demands of work is highly individualized, the skill level of a position is not necessarily related to the demands of the job. A claimant's condition may make performance of an unskilled job as difficult as an objectively more demanding job.").

Because the ALJ failed in her phase two duty to make findings regarding the mental demands of Plaintiff's past work, error at phase three unavoidably exists. The RFC limited Ms. Johnson to work involving "simple, routine, repetitive tasks." (TR. 20). And although the ALJ found that Plaintiff's past work was classified as "unskilled" with an SVP of two, this finding did not properly accommodate the mental demands of Plaintiff's past work.

Thus, "because [the ALJ] failed to make the necessary findings at phase two, the ALJ was unable and failed to make the necessary 'function by function' comparison between [the claimant's] [limitations involving 'simple, routine, and repetitive' tasks] and the demands of her past work as required at phase three." *Bowman v. Astrue*, 511 F.3d 1270, 1273 (10th Cir. 2008). Due to these failures, "the record lacks the necessary documentation concerning the impact [the claimant's] [mental limitations] would have on her ability to perform her past relevant work . . . or any evidence supporting the ALJ's finding that [the claimant] could perform such work despite that limitation." *Bowman*, 511 F.3d at 1273.

## VI. PLAINTIFF'S REMAINING ALLEGATION OF ERROR

At the administrative hearing, the VE testified that with an RFC which limited Plaintiff to "simple, routine, repetitive tasks," she could still perform the past job of ticket taker which required a "reasoning level" of 3. *See* TR. 54-55; DOT # 211.467-030. The ALJ adopted the VE's testimony and ended the disability evaluation at step four. (TR. 24). Plaintiff alleges that a conflict exists between her limitation to "simple, routine, repetitive tasks" and a job which required "reasoning level 3." (ECF No. 21:7-9). As discussed, the Court found error at phases two and three of step four which required the ALJ to: (1) make specific findings regarding the mental demands of Plaintiff's past work and then (2) compare those demands "function by function" to Ms. Johnson's RFC to determine whether she was capable of performing the past work. *See supra*.

Findings on remand at phase two could affect the phase three findings, which, in turn, could affect whether a conflict exists between the VE's testimony and the job

requirements of ticket seller as listed in the DOT. If, for example, the ALJ concludes that Ms. Johnson is not capable of performing her past job as a ticket seller, no inquiry into a potential conflict would occur. If, on the other hand, the ALJ again concludes that Ms. Johnson is capable of performing her past job as ticket seller (after making findings regarding the mental demand of that job), the ALJ would then determine whether a conflict existed. But at this point, adjudication of the "conflict" issue is premature and the Court declines consideration of the same. *See Robinson v. Barnhart*, 366 F.3d 1078, 1085 (10th Cir. 2004) ("We will not reach the remaining issues raised by claimant because they may be affected by the ALJ's resolution of this case on remand.").

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on July 16, 2019.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE